UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMI VOLK, et al.,

            Plaintiffs,

    v.

PIERCE COUNTY et al.,

            Defendants.

No. C04-5315RBL

ORDER REQUESTING LIMITED RESPONSE TO MOTION FOR RECONSIDERATION

      This matter is before the court on the Plaintiff's Motion For Reconsideration [Dkt. #66] of the Court's Order [Dkt. # 58] Denying her Motion to Compel. At issue are 13 emails reflected in a Privilege Log, between and among various players on the state (defendants') side, related to the initial criminal prosecution of the Plaintiff in this case. Though some of the players were attorneys, the Defendants claim only that the documents are protected by the work product doctrine (and not the attorney client privilege).

      The court is not persuaded that the choice of law issue is dispositive, that the allegation of a "conspiracy" or "wrongful conduct" results in a loss of the privilege, or the disclosure of one work product document results in a complete waiver of the privilege. The court is not inclined to resolve the issue on the fact that in most instances, the attorney involved was a criminal prosecutor and not "on the civil side."

      However, the Plaintiff previously raised the issue of "substantial need" for the documents, though that issue was not the focus of her briefing, the Defendants' response, or the court's order. The work product privilege may be overcome by a showing of substantial need and the inability to obtain the material elsewhere. In *Dever v Fowler*, 63 Wn. App. 35, 48, 816 P.2d 1237, 824 P.2d 1237 (1991) (relied upon by the Defendants and by this court in initially denying Plaintiff's Motion), the Court of Appeals remanded,

ORDER                                        1

and addressed the possibility that some of the withheld information was discoverable on the basis of need:

> The documents subpoenaed in the instant case consist of letters from Robinson to Clark assessing the State's case against Dever. They also contain Clark's mental impressions and opinions on evidentiary matters, the chances of prevailing at trial, and the *problems with the manner in which the investigation was conducted. Some of the materials sought to be discovered may contain information directly pertinent to Dever's malicious prosecution and civil rights claims.* . . . On remand, the trial court is instructed to re-examine the documents to determine whether discovery should be permitted. If the court orders discovery of documents, then the mental impressions, opinions, and legal theories that are not vital to proving Dever's case shall be expurgated from the discoverable documents. (Emphasis added).

As the Defendants argue, *Dever* is similar to the instant case. Following its analysis, the Court is inclined to order an *in camera* review of the emails, and a disclosure of the portions that do not contain the mental impressions, etc. of counsel.

The court therefore requests the Defendants to file a short Response addressing Plaintiff's "substantial need" for the emails, to be filed no later than September 2. The Defendants' Motion for Summary Judgment will be re-noted to September 16, to accommodate this briefing and to permit, if necessary, the court's *in camera* review of the documents reflected in the Privilege Log.

Dated this 29th day of August, 2005

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 2