HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMI VOLK, a married individual, and
ROBERT VOLK, a married individual,

    Plaintiffs,

v.

COUNTY OF PIERCE; DEPUTY
ANTHONY F. MESSINEO; and PIERCE
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

Case No. C04-5315RBL

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

    This Matter is before the Court on the Defendants' Motion for Summary Judgment [Dkt. #43], seeking dismissal of all of Plaintiffs' claims against them. For the reasons that follow, the Motion is Granted in part and Denied in part.

    **1.**    **Factual background.**

    While the nuances are disputed, the overall factual context of this is case generally accepted by the parties. Plaintiff Tami Volk was involved in a "fender bender," and for whatever reason, she left the scene and drove to her home, which was nearby. Deputy Messineo was summoned, and he and the driver of the other vehicle went to the Volk home. Mr. and Mrs. Volk met them outside the Volk home, and a discussion ensued regarding the accident and Mrs. Volk's departure from the scene. Though the Defendants now abandon any claim that Mrs. Volk was intoxicated, Deputy Messineo claims he smelled alcohol on her breath as she explained, or tried to explain, the situation.

In any event, the Deputy informed[1] Mrs. Volk that she was under arrest for leaving the scene of an accident. Because she was at that time wearing only a bathrobe, he allowed her to go into the home and change her clothes. She went inside, but did not return. Mr. Volk and the Deputy then entered the home and the Deputy instructed Mrs. Volk to get dressed and to come with him. Plaintiffs deny that the Deputy had permission to enter the home, and again maintain that he did not inform Mrs. Volk that she was under arrest. The situation escalated, as Mrs. Volk refused to accompany Deputy Messineo to his car. They struggled, and eventually the Deputy "pepper sprayed" Mrs. Volk. This did not gain her compliance and he subsequently (the delay is a matter is dispute) struck her on the face, while he was on her back and she was on her stomach. She then complied, he handcuffed her, and she was taken into custody.

Mr. and Mrs. Volk have asserted the following claims under 42 U.S.C.§1983, alleging violations of the their Constitutional rights: (1) unlawful arrest following an unlawful entry into the Volk home ; (2) excessive force; (3) conspiracy to deprive Volk of her rights and to "cover up" deputy Messineo's "bad acts"; and (4) denial of medical services. Defendants deny these allegations, argue that the plaintiff has not made out a case against the County, and that Deputy Messineo is qualifiedly immune for his actions, even if a constitutional violation is found on these facts.

**2. Summary Judgment Standard**.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return

---

[1] Plaintiffs now dispute this, but it is clear from her deposition testimony that Mrs. Volk thought she was going to be arrested.

a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**3.   Discussion**.

The court has viewed all factual disputes in the light most favorable to the Plaintiffs. It should be noted, however, that the Plaintiffs' Response is primarily fact based, and in certain areas rests on conclusory allegations, which are not sufficient to defeat summary judgment.

**A.   Unlawful Arrest and Entry.**

Plaintiffs claim that Mrs. Volk was unlawfully arrested in her home. This claim has two components: Deputy Messineo had no right to enter the home absent a warrant, exigent circumstances, or consent; and, as a corollary, that he had no right to arrest her.

The Plaintiffs' Response relies exclusively on the expert opinion of Mr. Van Blaricom that there is no such animal as "implied consent" to enter a home. It must be emphasized that this is not a criminal case and the Plaintiffs are not seeking to suppress, for example, evidence found as the result of a suspect search. Instead, Plaintiffs argue that once Mrs. Volk was permitted to reenter her home, she was legally permitted to "hide" there to avoid being arrested as the result of the accident and its aftermath. This is incorrect. First, Van Blaricom is not qualified to opine on this subject and any such opinion in not relevant to the Court's inquiry.

Second, as the Defendants argue, Mr. Volk did not claim that he denied permission to enter, nor in his deposition that he was too intimidated to do so. The voluntariness of the consent to enter is determined by the totality of the circumstances. Deputy Messineo permitted Mrs. Volk to change her clothes prior to her arrest for hit and run, she admittedly used that opportunity to "hide" and Mr. Volk and the Deputy went in to see what she was doing, and to take her into custody. Under these circumstances, the consent was voluntary, if it was required at all. Any other conclusion would be to permit a suspect to flee into his or her home and to remain there immune from arrest for conduct which occurred outside.

Finally, it is clear that Deputy Messineo had the probable cause and the discretionary authority to arrest Mrs. Volk for the misdemeanor of which she was suspected, leaving the scene of an accident. *See* RCW 46.52.0202. Additionally, the Deputy smelled alcohol on her breath, though the claim that she was intoxicated is no longer a part of this case. The argument that she was not subject to arrest fails as a matter of law. These claims are DISMISSED.

## B. Excessive Force.

The measure of an officer's use of force is an objective one. *See, for example, Saucier v. Katz*, 121 SCc.t 2151 (2001). Here, there is disputed evidence as to the level of force required and used. Viewed in the light most favorable to the Plaintiff, a jury could find that the amount of force - pepper spray followed immediately by a fist to the face – was not reasonable and was a violation of her rights. The Plaintiff has therefore met her burden of establishing a Constitutional violation for purposes of summary judgment.

The issue, then, is whether Deputy Messineo is qualifiedly immune from a claim arising out of that violation. Defendants in a § 1983 action are entitled to qualified immunity from damages for civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The existence of qualified immunity generally turns on the objective reasonableness of the actions, without regard to the knowledge or subjective intent of the particular official. *Id.* at 819. Whether a reasonable officer could have believed his or her conduct was proper is a question of law for the court and should be determined at the earliest possible point in the litigation. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 872-73 (9th Cir. 1993).

In analyzing a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* The privilege of qualified immunity is an immunity from suit rather than a mere defense to liability, and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. *Id.*

The first inquiry is whether (viewed in the light most favorable to the non-moving party) the facts show that the officers' conduct violated a Constitutional right. *See Brosseau v. Haugen*, 125 S.Ct. 596 (2004). In excessive force cases, the inquiry is whether the officers conduct was "objectively reasonable under the circumstances." *Id.; Tennesse v. Garner,* 471 S.Ct. 1694 (1985).

As discussed above, Plaintiff has met her burden on this inquiry for purposes of summary judgment.

1  The second issue is whether the standards governing the Deputy's conduct in arresting her under the
2  circumstances were clearly established such that a reasonable officer would have known his conduct was not
3  reasonable. The standards surrounding the use of force, including punching a woman suspected of hit and run
4  in the face where she presented little or no threat, are clearly established. Because the disputed facts support
5  a claim for excessive force, they similarly support the denial of Defendants' Motion on Qualified Immunity.
6  This portion of Defendants' Motion for Summary Judgment is DENIED.

       **C.**    **Claims Against the County**.

       Plaintiffs' claims against the county have two components: First, they are (necessarily) based on an allegation that the County had a policy, followed by the Deputy, which violated Mrs. Volk's rights. This claim is based on Mr. Van Blaricom's "opinion" that the email between Kevin Benton (deputy prosecutor) and Deputy Eugene Allen "suggests that the County now claims Deputy Messineo's conduct reflects official county policy." They also argue that the County did not adequately investigate the matter.

       Even assuming these facts to be true, the Plaintiffs still must establish that the County's policy *caused* her injury. *See Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989). The County's retroactive determination that Deputy Messineo acted in accordance with the County's policies and procedures on the use of force does not, as a matter of law, establish that those policies were the legal or factual cause of Mrs. Volk's injuries. Plaintiffs offer no additional argument or evidence on this point. The Plaintiffs' claims against the County based on its policies are therefore DISMISSED.

       Second, Plaintiffs also claim that there was a "conspiracy" among the Defendants to "cover up Messineo's bad acts." They have not articulated any legal theory for this claim, and in any event, have not submitted any admissible evidence which would support this claim. The Deputy and the County admit that he pepper sprayed and punched Mrs. Volk, in the course of his arresting her for hit and run. Not only is there no conspiracy as a matter of law, there is no "cover up" at all. The Plaintiffs' "Conspiracy" claim against the County is therefore DISMISSED.

       **D.**    **Denial of Medical Assistance.**

       Plaintiff claims that her Eighth Amendment rights were violated because she was denied timely medical care for the injuries she suffered during her arrest. The undisputed facts demonstrate that she was given care during her stay in jail. They have not, and cannot demonstrate that her care givers purposefully ignored her

1  medical needs, or that she suffered any injury as the result of any delay in care. This Claim is DISMISSED.

2  **E.     Claims of Mr. Volk.**

3  The Plaintiffs have not articulated, much less supported factually or legally any claims by Mr. Volk, and the court cannot discern any. His claims are DISMISSED.

DATED this 20th day of September, 2005

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE